# Exhibit N



# Office of the Attorney General
## Washington, D. C. 20530

August 12, 2013

MEMORANDUM TO THE UNITED STATES ATTORNEYS AND
ASSISTANT ATTORNEY GENERAL FOR THE CRIMINAL DIVISION

FROM:              THE ATTORNEY GENERAL

SUBJECT:        Department Policy on Charging Mandatory Minimum Sentences
and Recidivist Enhancements in Certain Drug Cases

    In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the Supreme Court held that any fact that increases the statutory mandatory minimum sentence is an element of the crime that must be submitted to the jury and found beyond a reasonable doubt. This means that for a defendant to be subject to a mandatory minimum sentence, prosecutors must ensure that the charging document includes those elements of the crime that trigger the statutory minimum penalty.

    The Supreme Court's decision in *Alleyne* heightens the role a prosecutor plays in determining whether a defendant is subject to a mandatory minimum sentence. To be sure, the exercise of discretion over charging decisions has always been an "integral feature of the criminal justice system," *United States v. LaBonte*, 520 U.S. 751, 762 (1997), and is among the most important duties of a federal prosecutor. Current policy requires prosecutors to conduct an individualized assessment of the extent to which charges fit the specific circumstances of the case, are consistent with the purpose of the federal criminal code, and maximize the impact of federal resources on crime. When making these individualized assessments, prosecutors must take into account numerous factors, such as the defendant's conduct and criminal history and the circumstances relating to the commission of the offense, the needs of the communities we serve, and federal resources and priorities.[1] Now that our charging decisions also affect when a defendant is subject to a mandatory minimum sentence, prosecutors must evaluate these factors in an equally thoughtful and reasoned manner.

    It is with full consideration of these factors that we now refine our charging policy regarding mandatory minimums for certain nonviolent, low-level drug offenders. We must ensure that our most severe mandatory minimum penalties are reserved for serious, high-level, or violent drug traffickers. In some cases, mandatory minimum and recidivist enhancement statutes have resulted in unduly harsh sentences and perceived or actual disparities that do not reflect our Principles of Federal Prosecution. Long sentences for low-level, non-violent drug offenses do not promote public safety, deterrence, and rehabilitation. Moreover, rising prison costs have resulted in reduced spending on criminal justice initiatives, including spending on law enforcement agents, prosecutors, and prevention and intervention programs. These reductions in public safety spending require us to make our public safety expenditures smarter and more productive.

---

[1] These factors are set out more fully in my memorandum of May 19, 2010 ("Department Policy on Charging and Sentencing") and Title 9 of the U.S. Attorneys' Manual, Chapter 27.

Memorandum to the United States Attorneys and                                                                    Page 2
Assistant Attorney General for the Criminal Division

For all these reasons, I am issuing the following policy[2]:

**Continuation of Charging and Sentencing Policies:** Pursuant to my memorandum of May 19, 2010, prosecutors should continue to conduct "an individualized assessment of the extent to which particular charges fit the specific circumstances of the case, are consistent with the purpose of the Federal criminal code, and maximize the impact of Federal resources on crime." While this means that prosecutors "should ordinarily charge the most serious offense that is consistent with the nature of the defendant's conduct, and that is likely to result in a sustainable conviction," the charges always should reflect an individualized assessment and fairly represent the defendant's criminal conduct.

**Certain Mandatory Minimum Sentencing Statutes Based on Drug Quantity:** Prosecutors should continue to ascertain whether a defendant is eligible for any statutory mandatory minimum statute or enhancement. However, in cases involving the applicability of Title 21 mandatory minimum sentences based on drug type and quantity, prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant meets each of the following criteria:[3]

- The defendant's relevant conduct does not involve the use of violence, the credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious bodily injury of any person;

- The defendant is not an organizer, leader, manager or supervisor of others within a criminal organization;

- The defendant does not have significant ties to large-scale drug trafficking organizations, gangs, or cartels; and

- The defendant does not have a significant criminal history. A significant criminal history will normally be evidenced by three or more criminal history points but may involve fewer or greater depending on the nature of any prior convictions.

**Timing and Plea Agreements:** If information sufficient to determine that a defendant meets the above criteria is available at the time initial charges are filed, prosecutors should decline to pursue charges triggering a mandatory minimum sentence. However, if this information is not yet available, prosecutors may file charges involving these mandatory minimum statutes pending further information and a determination as to whether a defendant meets the above criteria. If the defendant ultimately meets the criteria, prosecutors should pursue a disposition that does not require a Title 21 mandatory minimum sentence. For example, a prosecutor could ask the grand jury to supersede the indictment with charges that do not trigger the mandatory minimum, or a defendant could plead guilty to a lesser included offense, or waive indictment and plead guilty to a superseding information that does not charge the quantity necessary to trigger the mandatory minimum.

---

[2] The policy set forth herein is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding. *See United States* v. *Caceres,* 440 U.S. 741 (1979).

[3] As with every case, prosecutors should determine, as a threshold matter, whether a case serves a substantial federal interest. In some cases, satisfaction of the above criteria meant for low-level, nonviolent drug offenders may indicate that prosecution would not serve a substantial federal interest and that the case should not be brought federally.

Memorandum to the United States Attorneys and   Page 3
  Assistant Attorney General for the Criminal Division

**Advocacy at Sentencing:** Prosecutors must be candid with the court, probation, and the public as to the full extent of the defendant's culpability, including the quantity of drugs involved in the offense and the quantity attributable to the defendant's role in the offense, even if the charging document lacks such specificity. Prosecutors also should continue to accurately calculate the sentencing range under the United States Sentencing Guidelines. In cases where the properly calculated guideline range meets or exceeds the mandatory minimum, prosecutors should consider whether a below-guidelines sentence is sufficient to satisfy the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). In determining the appropriate sentence to recommend to the Court, prosecutors should consider whether the defendant truthfully and in a timely way provided to the Government all information the defendant has concerning the offense or offenses that were part of the same course of conduct, common scheme, or plan.

**Recidivist Enhancements**: Prosecutors should decline to file an information pursuant to 21 U.S.C. § 851 unless the defendant is involved in conduct that makes the case appropriate for severe sanctions. When determining whether an enhancement is appropriate, prosecutors should consider the following factors:

- Whether the defendant was an organizer, leader, manager or supervisor of others within a criminal organization;

- Whether the defendant was involved in the use or threat of violence in connection with the offense;

- The nature of the defendant's criminal history, including any prior history of violent conduct or recent prior convictions for serious offenses;

- Whether the defendant has significant ties to large-scale drug trafficking organizations, gangs, or cartels;

- Whether the filing would create a gross sentencing disparity with equally or more culpable co-defendants; and

- Other case-specific aggravating or mitigating factors.

In keeping with current policy, prosecutors are reminded that all charging decisions must be reviewed by a supervisory attorney to ensure adherence to the Principles of Federal Prosecution, the guidance provided by my May 19, 2010 memorandum, and the policy outlined in this memorandum.