# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 9, 2016

**BY ECF AND E-MAIL**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *United States v. Campo Flores, et al.,* **S2 15 Cr. 765 (PAC)**

Dear Judge Crotty:

  Counsel for Defendants Efrain Antonio Campo Flores and Franqui Francisco Flores de Freitas ("the defendants") respectfully submit this letter in opposition to the Government's request for a supplemental *Curcio* hearing. The defendants object to the Government's efforts to improperly intrude into the defendants' attorney-client relationships and to needlessly inject an apparent political agenda into this case. The careful and thorough *Curcio* proceeding that the Court conducted on May 12, 2016, was more than sufficient to address any potential conflict issues and there is, therefore, no basis for revisiting them.

  In May, the defendants and the Government jointly requested that a *Curcio* hearing be conducted relating to the payment of attorney's fees in this case. Long before that hearing, the defendants provided the Government with the identity of the third-party payor so that the Government could thoroughly vet that individual and analyze whether it believed any conflicts existed. Accordingly, the Government has known, at least since May, the nature of the alleged potential conflicts it is now contending need to be revisited.

  Consistent with that awareness, the parties presented to the Court, and the Court adopted, a series of questions that directly addressed the nature of the potential conflict that the Government raises in its letter. During the *Curcio* hearing, the Court advised the defendants of the following, among other things, relating to those potential conflicts:

- "The benefactor may use his power of the purse to influence defense strategy to the disadvantage of one or both defendants, or the benefactor may persuade counsel not to advise the defendants not to cooperate or not to testify in their own defense, or the benefactor may attempt to influence their testimony so as to avoid

compromising the benefactor's interest.  This is not all the conflicts, this is just some.  Conflicts arise in strange circumstances and are difficult to predict."  (Tr. 3-4);[1]

- "it is possible that whoever is paying may have interests different than the defendants' interests, and the lawyers' judgments may be influenced by whoever is paying the bill, what the lawyer thinks are the wishes of whoever is paying the bill, rather than the wishes of you as the defendant." (Tr. 9);

- "no one, including the Court, can predict with any certainty the course this case will take, and [] no one, including the Court, can foresee all the ways in which you may be disadvantaged by proceeding with your current counsel." (Tr. 12); and

- "it is the view of the Court, based on my experience, that proceeding with an attorney who has potential conflicts of interest of this kind can create real dangers to you or the advocacy of your defense" (Id.).

Both defendants agreed to waive any future claims relating to each of these aspects of the alleged potential conflicts.  In addition, both defendants clearly demonstrated to the Court that they understood the nature of these potential conflicts.  Mr. Campo Flores stated that he understood "the possible conflict of interest could arise from the fact that my attorneys are being paid by a third party, and they may not have loyalty towards me."  (Tr. 13).  Likewise, Mr. Flores de Freitas was clear that he understood that "my attorney could take instructions from the person who is paying the fees and not from me."  (Tr. 14).

In their recent letter, the Government contends that the defendants must be warned that "[t]he reported interests of [the payor] may not align with [the defendants'] interests in this case" and that the payor "may attempt to influence decisions of [the defendants'] attorneys about how to pursue [their] defense." (Gov't Proposed Question 6).  Those exact concerns, however, have already been addressed by the allocution set forth above.  In May, the defendants were directly warned that "it is possible that whoever is paying may have interests different than the defendants' interests, and the lawyers' judgments may be influenced by whoever is paying the bill." (Tr. 9).  Thus, the nature of the conflict could not have been more clearly presented to the defendants during the initial *Curcio* hearing.

Moreover, there is nothing in the Government's letter that presents a new species of potential conflict.  Rather, conceding that the conflict itself was addressed in May, the Government now claims that information from various press reports "materially enhances the nature of the potential conflict . . . making the potential conflicts more than theoretically 'possible.'" (Gov't Ltr. at 2).  That

---

[1] "Tr." refers to the transcript of the *Curcio* hearing held on May 12, 2016.

2

claim is meritless.  The potential conflict is straightforward:  the payor's interests may diverge from those of the defendants, which "can create real dangers."  There is nothing to "enhance" about the potential conflict, however—it is what it is, and none of the recent press reports present a potential conflict of a different species. Likewise, the Court was clear that the dangers are "real," and nowhere suggested that these issues are merely "theoretical"—a word that the Government has inserted on its own.  Moreover, the Government has cited no legal authority supporting the idea that a new *Curcio* hearing is required because of this kind of nebulous concern about the alleged *degree* of a potential conflict that is not of a different nature.

The Government may argue that, as a practical matter, it would be more efficient simply to permit the duplicative questions proffered by the Government to be asked of the defendants.  We disagree.  The defendants should not be subjected to an unnecessary and intrusive proceeding at the Government's whim. That plainly is not a proper use of the *Curcio* hearing, which is an important and essential tool in the administration of justice and was properly and sufficiently conducted in May.

For these reasons, the defendants respectfully submit that the Government's request for a supplemental *Curcio* hearing be denied.

Respectfully submitted,

_____/s/_____
Randall W. Jackson
John T. Zach
Joanna Wright
Boies, Schiller & Flexner LLP

_____/s/_____
David M. Rody
Michael D. Mann
Elizabeth Espinosa
Sidley Austin LLP

cc: AUSA Emil Bove
AUSA Brendan Quigley