# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

November 4, 2016

**By ECF and E-Mail**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: <u>United States **v.** Campo Flores & Flores de Freitas</u>, 15 Cr. 765 (PAC)

Dear Judge Crotty:

  Defendants Efrain Campo Flores and Franqui Francisco Flores de Freitas jointly submit this letter respectfully requesting that the Court adopt the proposed verdict form suggested by the Defendants. There are two material differences between the proposed verdict forms of the Defendants and the Government: (1) the Government suggests that the form should list "guilty" before "not guilty" on the form; and (2) the Government requests the use of a special verdict form that asks for quantity findings in spite of the Defendants' indication that they will stipulate that any conspiracy, if it existed, here involved five and more kilograms of cocaine. For the reasons explained below, the Court should reject the Government's proposed verdict sheet and adopt the proposal of the Defendants.

  First, because the Government bears the burden and the Defendants are presumed innocent, to the extent that there is a dispute, "not guilty" should precede "guilty" on the verdict sheet. Federal courts have adopted this reasoning in the sample verdict forms that they have made accessible to the public. *See, e.g.*, District of Colorado Sample Verdict Form, *available at* http://www.cod.uscourts.gov/Portals/0/Documents/Judges/JLK/jlk_JuryInst_VrdctFrm.pdf (listing "Not Guilty" before "Guilty" for all counts).

  Indeed, the state courts of New York have institutionalized this reasoning on the sample verdict form that they suggest for all criminal cases in New York. *See* http://www.nycourts.gov/judges/cji/5-SampleCharges/CJI2d.Verdict_Sheet_Samples.pdf (listing "Not Guilty" before "Guilty"). Notably this is also the practice of our neighboring state, New Jersey, and numerous other states. *See, e.g.*, http://www.judiciary.state.nj.us/criminal/sample_verdict_indx.pdf (proving sample verdict sheets for numerous crimes in New Jersey, all of which provide "not guilty" before "guilty"). At bottom, there is no logical reason to put "guilty" before "not guilty." It is improperly suggestive and contrary to the instruction that the Court will give that the presumption of innocence extends throughout the case, as does the Government's burden. The Court should use a verdict sheet that lists "not guilty" first.

1

Second, the Government's suggestion that the Court should use a special verdict sheet with quantity inquiries, in spite of the Defendants' intention to stipulate to the quantity, is contrary to law. Unless there is some overriding need, special verdict forms are generally disfavored in the federal courts. *See Black v. United States*, 561 U.S. 465, 473 (2010) ("we note first the absence of any provision in the Federal Rules of Criminal Procedure for submission of special questions to the jury . . . . Although not dispositive, the absence of a Criminal Rule authorizing special verdicts counsels caution"); *United States v. Pena*, 51 F. Supp. 2d 364, 366 (W.D.N.Y. 1998) ("special verdicts are generally disfavored in criminal cases"). The reason for this is simple—special verdict forms are suggestive, and the Constitutional presumption of innocence must extend to every component of the case up until the verdict. Here, moreover, where the Defendants already have deep concerns about juror confusion and multiple conspiracies, the special verdict form suggested by the Government will only amplify the confusion and the risk that the jurors will not understand the Court's instructions on the single conspiracy that has been charged.

Indeed, Judge Rakoff faced this precise situation in *United States v. Umeh et al*, 09 Cr. 524 (JSR). As reflected in Judge Rakoff's jury instructions, which were affirmed on appeal,[1] the Court appropriately instructed the jury that "the parties have now stipulated that, if there was a conspiracy here at all (which the defendants deny), it involved the distribution of more than 5 kilograms of cocaine," and directed the jury to the general verdict sheet. [Docket 09 Cr. 524(JSR) Document No. 92]. The Government has not and cannot offer any coherent rationale for breaking with what Judge Rakoff adopted in that case. Indeed, it would be illogical for the Government to insist that the jury be submitted quantity inquiries where the defendants are stipulating that the quantity finding is met if a conspiracy is proved. This is the reason Judge Rakoff instructed the jury as he did in *Umeh*.

In sum, the Court should adopt the Defendants' proposed verdict sheet. We appreciate the Court's consideration.

Respectfully submitted,

_____/s/ Randall W. Jackson_____  
Randall W. Jackson  
John T. Zach  
Joanna Wright  
Boies, Schiller & Flexner LLP

_____/s/ David M. Rody_____  
David M. Rody  
Michael D. Mann  
Elizabeth Espinosa  
Sidley Austin LLP

cc:   AUSA Emil Bove  
      AUSA Brendan Quigley

---

[1] *See United States v. Umeh*, 527 Fed. Appx. 57, 61 (2d Cir. 2013)