# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7th FLOOR • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

November 4, 2016

**By ECF and E-Mail**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *United States* v. *Campo Flores & Flores de Freitas*, 15 Cr. 765 (PAC)

Dear Judge Crotty:

Defendants Efrain Campo Flores and Franqui Francisco Flores de Freitas jointly submit this letter respectfully moving to preclude the introduction of Government Exhibits 1, 2, 56 and 61. Government Exhibits 1 and 2 are mug shots that the Government proffers it intends to use as "faceplates" to be displayed to the jury. Government Exhibits 56 and 61 are photographs depicting the Defendants just before their departure from Haiti and just after landing in New York. For the reasons explained below, the Defendants submit that admission of these photographs would be improper.

First, none of these exhibits are relevant. Fed. R. Evid. 401. *See, e.g.*, *United States v. Sutherland*, No. Cr. 07-50106-02, 2008 WL 4858322 at *2 (D.S.D. Nov. 10, 2008) ("With regard to Item 17, Defendants' mug shots, the Court does not believe that such photographs would be relevant to the case at hand, and worries that they would be overly prejudicial under Rule 403. Thus, at this time the Court grants Defendant's motion and rules these mug shots inadmissible[.]"). The two mug shots of the Defendants are completely unnecessary to identify them — the jury will surely know who the Defendants are when they are referenced. Similarly, the photos of the Defendants boarding and disembarking from the DEA plane are irrelevant to any of the genuine factual issues for trial. The Defendants will not dispute that the Government flew them on a DEA jet from Haiti to New York. Moreover, the photos are not contemporaneous with the post-arrest statement, so they reveal nothing about the circumstances of the interview. To the extent the tarmac photos could have any minimal relevance, it would be only to demonstrate that the Defendants showed no signs of physical abuse. The Defendants, however,

do not intend to suggest in either questioning or argument that the Government agents physically abused them. The photographs therefore fail to meet the Rule 401 test for relevance.[1]

Second, even if Government Exhibits 1-2, 56 and 61 had some minimal probative value, it would be substantially outweighed by the risk of unfair prejudice. "Trial courts generally exclude mug shots from evidence. Mug shots, like evidence of prior convictions, are usually not admissible under Fed.R.Evid. 404(b) (evidence of other crimes, wrongs, or acts). Even if relevant, a mug shot tends to make people believe that the person is 'bad,' and therefore can be unfairly prejudicial. Fed.R.Evid. 403. Moreover, the visual impact of a mug shot, apart from mere references to a prior conviction, can leave a lasting, although illegitimate, impact on the jury. Accordingly, the use of mug shots at trial is highly disfavored." *United States v. George*, 160 Fed. Appx. 450, 456 (6th Cir. 2005) (internal citation omitted). *See Wilson v. Mazzuca*, 570 F.3d 490, 507 (2d Cir. 2009) (improper introduction of mug shot prejudiced defendant by suggesting that he "had a propensity for criminality and violence"); *United States v. Cunningham*, 694 F.3d 372, 386 n.24 (3d Cir. 2012) ("Mug shots, in particular, are highly prejudicial, and their visual impact can leave a lasting impression on a jury.") (quotation omitted); *Nelson v. Brown*, 673 F. Supp. 2d 85, 94 (E.D.N.Y. 2009) ("the introduction of the 1993 arrest photograph tainted the jury process, as at least two jurors interpreted the 'mug shots' as indicting the probability of . . . having a prior criminal record"); *see generally Eberhardt v. Bordenkircher*, 605 F.2d 275, 280 (6th Cir. 1979) ("The use of mug shots has been strongly condemned in federal trials, as effectively eliminating the presumption of innocence and replacing it with an unmistakable badge of criminality.") (citing *Barnes v. United States*, 365 F.2d 509 (D.C. Cir. 1966); *United States v. Reed*, 376 F.2d 226 (7th Cir. 1967)).

Here, both the mug shot photos and the photographs depicting the Defendants in shackles boarding and exiting an extradition flight carry the strong suggestion of dangerousness and implicit criminality. *Cf. Estelle v. Williams*, 425 U.S. 501, 503-504 (1976) (compelling defendants to appear before the jury in a prison uniform impairs the most basic presumptions of the criminal system). Indeed, it is not the usual practice of the Government to even offer extradition photographs outside of the context of a suppression hearing. Given the minimal probative value of these photographs to any actual issue for trial and the substantial risk of unfair prejudice, the Court should preclude these photographs pursuant to Rule 403.

To the extent that the Court finds it appropriate and the Government wishes to use alternative photos of the defendants as "faceplates," the defendants are happy to provide photographs of the defendants that are not in-custody photographs taken after a harrowing extradition and detention. The Defendants appreciate the Court's consideration.

---

[1] This lack of relevance starkly distinguishes this case from other cases in which arrest photographs have been admitted, such as *United States v. Mohammed*, 27 F.3d 815 (2d Cir. 1994), where identification was at issue.

3

                                        Respectfully submitted,

| | |
|---|---|
| _____/s/ Randall W. Jackson_____ | _____/s/ David M. Rody_____ |
| Randall W. Jackson | David M. Rody |
| John T. Zach | Michael D. Mann |
| Joanna Wright | Elizabeth Espinosa |
| Boies, Schiller & Flexner LLP | Sidley Austin LLP |

cc:    AUSA Emil Bove
        AUSA Brendan Quigley